RAPP v. KELLING.

(Circuit Court, S. D. New York. February 27, 1890.)

1. PATENTS FOR INVENTIONS—ASSIGNMENTS.
   A grant of the exclusive right to make, use, and sell a patented article through-
   out the United States for the full term of the patent is to be treated as an assign-
   ment, enabling the assignee to bring suit in his own name against the patentee for
   an infringement.
2. SAME—ACTION FOR INFRINGEMENT—JURISDICTION.
   The circuit courts have jurisdiction of such a suit, as arising under the laws of
   the United States, even though one issue in the case is whether the grant is still in
   force.

In Equity. On motion for preliminary injunction.

Suit by John W. Rapp against Max Kelling for infringement of letters
patent No. 416,265, issued to defendant, Kelling, December 3, 1889,
for improvement in fire-proof doors. Defendant had granted to plaintiff
the exclusive right to make, use, and sell doors embodying such improve-
ment for the full term of the patent.

*Francis Forbes*, for complainant.

*A. Britton Havens*, for defendant.

WALLACE, J. It seems quite plain in this case that the complainant
is not a licensee of the defendant; but that the instrument by which the
defendant transferred to him the sole and exclusive right to make, use,
and sell the subject of the patent throughout the United States is to be
treated as an assignment. Even if the instrument did not vest the com-
plainant with the legal title of the patent, it enables him to maintain a
suit in his own name against the patentee for an infringement. *Little-
field* v. *Perry*, 21 Wall. 205; *Gayler* v. *Wilder*, 10 How. 477. The bill
is in the ordinary form of one brought by the owner of a patent against
an infringer for an injunction and an accounting. The case which it
makes differs from ordinary actions for infringement only in the fact that
the defendant is the person to whom the patent was originally granted.
The bill, therefore, presents a controversy of which this court has juris-
diction, and, even though one issue which may be raised in the case is
whether the grant is still in force, that circumstance does not pervent the
controversy from being one arising under the laws of the United States.
But, although the complainant may have failed to comply with some of
the terms of the agreement by which his interest in the patent was ac-
quired, his failure to perform them does not work a forfeiture of the
grant, and the only remedy of the defendant is an action for damages for
breach of contract. *Hartshorn* v. *Day*, 19 How. 211; *Mackaye* v. *Mallory*,
12 Fed. Rep. 328. If the complainant has refused to comply with the
conditions of the contract on his part, and without sufficient reason in-
sists upon ignoring them, the court should not assist him by a prelimi-
nary injunction in enforcing rights which at a final hearing it may be
constrained to protect. A party cannot ask the court for any extraordi-
nary assistance preliminary to a final decree, if he does not come into
court proposing to deal fairly with his opponent.

The only question in the case is whether the complainant should be denied a preliminary injunction because he has violated the agreement under which he acquired the exclusive right to the monopoly of the patent. As this question has not been argued, counsel will be heard upon it at the time to which the motion was continued.